The next case is Amica Mutual v. BMW. We have Mr. Joseph Kim. And Mr. Kim, am I correct that you reserved two minutes for rebuttal? Yes, Your Honor. Okay. We need to give a second for Mr. Donovan to get on. Mr. Donovan, are you able to hear us? I am. Thank you, Your Honor. Okay. So when you are ready, Mr. Kim. Thank you, Your Honor. May it please the Court, my name is Joseph Kim. I represent the defendant appellant, BMW of North America, LLC. I'd like to use my time today to highlight two reasons rooted in a long view of the law, why BMW's motions for judgment as a matter of law should have been granted below and why the denial of those motions should be reversed in this Court. The first is that stipulations of- Out of curiosity, was your firm handling the lower court proceeding? Yes, Your Honor. I tried the case with my partner. The first reason- So you stipulated to trying the case on this one question. The jury wasn't even charged on the law, but that was the agreement. Your Honor- I mean, there were some preliminary instructions in the beginning, but I was reading the charge to the jury this morning. The jury isn't instructed on the elements of negligent manufacturing, a failure to warrant, or breach of implied warranty. They were given this one factual question. Why should you not be bound to that? Several reasons, Your Honor. First, let me clarify that BMW has no problem with the trial stipulation or the question which was presented to the jury in the verdict interrogatory. It was a form-it stipulated only to the form of the fact question that was to be answered by the jury. It was not- That was the only question you wanted the jury to answer, right? Yes, Your Honor. And we believe- How can you evaluate whether the jury properly applied the elements or the law if it wasn't even instructed on those elements? Because that was the choice that the parties made. Your Honor, in the reading of the record, I do see that Judge Larimer instructed on the elements of the claims, including the framework-  Yes, in the beginning of the case, Your Honor. And after that, the parties changed the framework, right? No, Your Honor. The parties cannot change the framework of the law. Of course they can. Of course they can. The parties can agree that this case will turn on the answer to a factual question. It happens. It doesn't happen every day, but it happens sometimes, and you agreed to it. Yes, Your Honor. We agreed to the form of a fact question to be answered by the jury. It did not change the legal framework, the legal underpinnings, that go behind the analysis to answer that question. I don't think anybody's disputing that, or at least certainly not up here. What I think the question is is that you took a gamble that whatever law was baked into that particular question would get answered in a certain way, and then when it didn't, you're now taking a different position. And what are we supposed to do about that? The law was always what the law was, but you made a strategic choice to move in a particular direction, and now we're being asked to undo that choice. Well, if I might answer that question with an illustrative example. I'm aware, for instance, that in a claim for a design defect, the verdict interrogatory will not always ask about every legal question in the decision matrix to whether- Sorry, can I just interrupt you to focus you on the paragraph six, the item number six of the stipulation? The parties agree that if the answer is no, then a verdict will enter for the defendant on all claims. If the answer is yes, then verdict will enter for the plaintiff on all claims. That's not what you're saying to us. You're saying to us, this was just the way to put- This was just a stipulation as to how a particular question of fact would be framed for the jury. No, that's not accurate. It said, as I just read, the answer to that question will determine who wins the verdict. Your Honor- Let's talk about that. What's your answer to Judge Chin's question, focusing on your having agreed that the answer to that question would determine the outcome of the trial? So the simplification that this trial stipulation offered was to say that the three remaining claims are bound together in an inextricable way. There was negligent manufacturing, failure to warn, and a breach of implied warranty claim. If there was no defect, it's a proper logical syllogism that all three claims would fail because- The jury was wrong in finding a defect because the jury wasn't given any instructions on the law. That's where I would- And so how- I mean, you're just asking for a do-over because the result is not what you want. I would beg to defer on that, Your Honor. I do see- How do we evaluate whether the Rule 50 motion was properly granted or not if we don't- if the jury wasn't given the law on defects? The jury was given the law on defects. You keep saying that, but that was in the original framework, and then you abandoned that framework and went to the new framework. I do not see that there was any abandonment of a framework. It was- Are you saying that if the answer was no, the verdict could be for the plaintiff? Yes, Your Honor. That's- You're saying that, but the stipulation says if the answer is no, then the verdict will be for the defendant. I'm sorry. I think I was confused by the form of Your Honor's question. It was- You're saying that the verdict could lawfully have been entered otherwise than as determined by that question. Otherwise than as determined by the proposition, if the answer is no, verdict will be for the defendant. If the answer is yes, verdict will be for the plaintiff. You're saying verdict could have been for the other despite that answer. No, Your Honor. That's not what I'm saying. I'm sorry. I've got the yes and no to the question reversed, but if the fire indeed started in the vehicle and was the cause of the fire in the house, then we were saying that plaintiff wins. But if it was found that it was not and the way to go about that analysis in the absence of a specific defect was for the plaintiff to rebut BMW's evidence of an alternative cause. And explain to us how are we supposed to reconcile what you're saying now with the language of the stipulation that I just read to you. Because the stipulation, again, it's not a stipulation of the law. If I could go back to that example about the design defect claim, a verdict interrogatory often will not ask a question like, do you find that the risk utility balancing analysis finds that this is a feasible alternative design? These are not the kind of questions that are posed to a jury to answer. Rather, they're just asked, do you find this to be unreasonably safe as marketed? And that's the definition of a defect. It's a fact question that the jury must answer. But they're not asked about every sub-legal question that goes behind that. It's still part of the analysis. I do see that it was instructed in the record, albeit at the beginning of the case. I also note that oftentimes courts- It is highly unusual not to instruct a jury on the law when you're giving the jury charge, as opposed to some preliminary instructions. I didn't go back and look at the preliminary instructions, but I assume they were pretty quick and short and brief. And there were no objections to the charge at the end as it was given to the jury, and the jury isn't told anything about defects or burdens or shifting. And how do we now evaluate whether it got it right when the jury wasn't even told what it was supposed to do, other than to decide this one factual question? I just don't see how we evaluate. Your Honor, they were informed of the burden shifting and the frat. We're repeating ourselves. Okay, then you'll be back on the roll. Thank you. Mr. Donovan, you have ten minutes. Thank you very much, Your Honor. May it please the Court, this is John Donovan, plaintiff for MECA. Mr. Nelson Cantor, who's in the courtroom, and I had the privilege of trying this case before Judge Larimer. We'd like you to find that BMW was bound by the stipulation in the verdict form, which it agreed to. BMW helped author the form, which contained just a single factual question about whether the fire was caused and originated in the right-front passenger side of the vehicle, and the jury answered that question unanimously, yes. This was the one only decision that was asked of the jury to make, and BMW knowingly and willingly stipulated to this question. It was a strategic decision that they made, and they decided that this question would be outcome determinative. And if you look at the appendix beginning on page 56 and 57, BMW's counsel told the jury that they were not going to be asked about determining what the cause of the fire was. In fact, they said on page 56, the focus of the case will be, did the fire start in the car? They went on to say, your job as jurors in this case is not going to be to determine what actually caused the fire. So they can't have their cake and eat it too, as Judge Larimer said. They were telling the jury, and everyone knew from the outset of the case, that they weren't going to be determining specific cause. They weren't going to be determining specific defects. And again, BMW helped the architects of this form, and it was never foisted on them. So can I ask, and everything you said makes a lot of sense, but would you concede that a district court can't change the substantive law governing a plaintiff's claim just because the parties agree to it? I think that's correct, Your Honor, as a general statement. And I don't believe that actually this question that was put to them is in any way changing the law, as BMW has suggested. In fact, it's absolutely consistent with the law on circumstantial evidence, which is exactly why parties stipulated to it. And Judge Larimer gave BMW every opportunity to object to the form, to ask questions. The record is complete with references to BMW acknowledging what the stipulation was and what it would accomplish. On the very first day of the trial, right up to the last, defense counsel agreed that if the jury answered yes to this question, that we would win and they would lose. On the last day of the trial, Judge Larimer, again, on page 53 of the appendix, he says, are there any other issues or questions that anyone wants to ask the jury? Of course, BMW would remain silent and said, no, the question's going to be, did it happen in the car? And you had evidence saying that there was an eyewitness testimony, there was the county fire bureaus, there was the fire expert. There was circumstantial evidence that a jury could have used to reach that conclusion. So it is your position that there was nothing about the instruction that was asking any deviation from the law? No, and that's exactly right, Your Honor. It's exactly consistent with the Speller decision. And if you look at the two prongs under Speller, you know, I think if you even have to get there, I don't think you do because I think under Rule 50, you're limited to, the judge is limited to, what was the specific issue that the jury was asked? And was there sufficient evidence in the light most favorable to us to support that conclusion? And Judge Larimer, in a very well-reasoned decision, outlines all of those reasons, and you just mentioned many of them, about the support for that. But on each of those prongs, if you even get to them, and I don't know that you have to, but did the car not perform as it was intended? Was there competent evidence to rebut alternative causes? Absolutely, 100 percent, for those reasons you just described, Your Honor. First responding firefighters, the eyewitnesses, the photos that show the progression of the fire, the arson investigator for the local town came out and said the fire started in the car. Two of our experts said that. Their experts said that a car caused the fire. And we have ample evidence to support that. And I think what's happened here is we have a case of buyer's remorse. A BMW having agreed to a very narrow issue that they thought they would win easily by suggesting to the jury that an arson had occurred in broad daylight in downtown Rochester, where an arsonist came into the home with a key, unlocked it, caught the fire, and then left and locked the door. That was their defense to this case. And as I say, I don't think BMW can change the rules here after the fact, after having agreed to the yes or no parameters that were outlined. And I submit that there was more than ample evidence to support the decision. Judge Larimer outlines that. One last thing, if I can, just on this alternative cause issue, if you even get to it. I don't think you need to. But the defendant seems to suggest that if they come forward with any alternative fact that might support the arson, that they win and we lose. And that's just simply not what Speller and Progeny stand for. Speller talks about is there evidence to rebut the alternative cause, and here we had numerous witnesses that rebutted this alternative cause of arson, including our electrical expert, Scott Phillips. And I think BMW continues to miss the mark on this. They still don't understand that when he testified about arc mapping that he did in the kitchen, that it clearly showed that the fire didn't start there, because if the fire started in the kitchen as a result of arcing, there would have been arcing on wires. It wasn't. And so his testimony in and of itself totally refuted this idea of arson, if we need expert testimony for that point. And I think, as the court's probably aware, under Speller and some of the other cases, they didn't even talk about the need for expert testimony to eliminate the alternative causes. So I guess unless there are any other questions, I'll conclude by saying this. BMW agreed to the stipulation. They agreed from the very beginning of the case that the jury wasn't going to be talking about a determining cause. And now, having lost, they're here complaining about the stipulation that they agreed to. And we submit, Your Honor, that Your Honor, that Judge Laram was right when he said the form was not foisted on them. And, again, this is just a case of buyer's remorse. So I'm happy to answer any questions the panel may have. I think we're all set. Thank you so much. Thank you. Mr. Kim. Thank you, Your Honor. First, I took the time to find the appendix citation to the preliminary instructions, appendix 38 to 39. That's where Judge Laramer instructed the jury about the legal framework and plaintiff's burdens in circumstantial proof of a product defect. He also mentions it in the order from which we appeal, which can be- What about the issue about the evidence, which you didn't get to in your opening argument? There was lots of evidence that BMW put forth to the effect that the fire started in the house. But there is lots of evidence that Amica put forth that the fire started in the garage and in the car. And the jury ruled. Your Honor, the only specific evidence that Amica has ever pointed to to support that fire started in the car was an observation of- That's not right. There's lots of evidence. The neighbor, the fire marshal, the experts. There is lots of evidence in the record. A lot of it is circumstantial. I mean, the smoke is coming out of the garage and not the house. I mean, that's circumstantial evidence. But that is indeed evidence that the fire started in the car. And the evidence about the handle is melted on the garage side but not on the kitchen side. That's evidence that the fire started in the garage. There's just lots of evidence. There's conflicting evidence, and that's why we have jury trials. But there's also evidence, Your Honor, that has never gone answered on the plaintiff's side that BMW- Do you concede that there is lots of evidence in the record to show that the fire started in the garage? I concede, Your Honor, that they can point to asymmetric material loss in the right front of the vehicle and the issue of the melted doorknob. I do not concede that any neighbor observation supports, even in a circumstantial way, that the fire- Pocico said that she saw the fire starting in the garage and not the house. There's a photograph somewhere of smoke coming out of the garage and not the house. Your Honor, Ms. Pocico, the neighbor, who was present at the moment the garage doors fell down, said that she saw fire concentrated on the right side of the garage, which is the side that adjoins the kitchen. Do you agree that, at this point, the evidence has to be viewed in the light most favorable to the plaintiff? No, Your Honor, but I do- Do you agree with that basic principle about- Yes, I misspoke, Your Honor. Yes, I do agree with that principle. I do also see that the law requires the plaintiff to rule out all of the alternative evidence that BMW has raised. They have never answered the separate and disconnected fire on the fourth step of the basement stair. They have- In spite of the stipulation, you, as a theoretical matter, could still prevail in spite of the jury's verdict if you put forth, having also put it forth in the district court, if you put forth the argument that the evidence did not admit of the answer that the jury gave. If you made the argument to us and persuaded us that the evidence simply did not support- there was insufficient evidence to support the jury's answer to that question, that would be a winning argument if you could show it, but I don't see how you can show it because, as Judge Chin was saying, there's lots of evidence supporting the proposition that it started in the garage, in the car. Well, Your Honor, it's not- I wouldn't take the position that it's a counting game where it has to be a one-for-one type of accounting. Right, the jury gets to be the one that decides which one they persuade, and they did. Yes, Your Honor, but- If there were inadequate evidence, I mean, we deal all the time with propositions. Sometimes they're correct that the evidence was not sufficient to support a jury's verdict, and if you could show us that the evidence was not sufficient to support the jury's verdict, that theoretically would be a winning argument. But just saying that there was evidence on your side doesn't do anything in these circumstances. Well, Your Honor, what I was trying to say was that it's not a one-for-one accounting, but still the question remains, is there evidence that BMW has adduced that has gone unrebutted for the alternative cause? And that is the case here. We have clear separate and disconnected fires. The one on the basement staircase has never been answered by Amica. They have never answered the issue of the joists. Are you saying that the jury could not lawfully answer the question the way they did in view of this record? The evidence simply does not admit of the answer that the jury gave? Is that your argument? Our argument is that a rational jury should not have found the way that it did. Thank you.